IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GERRY L. RANSON,**
**D.O.C. #  114511,**

    **Plaintiff,**

vs.                                                                Case No. 4:25cv215-MW-MAF

**OMNI INSURANCE, el al.**,

    **Defendants.**
_____/

### REPORT AND RECOMMENDATION

    This case was filed by pro se prisoner Gerry L. Ranson, an inmate who is currently incarcerated at Wakulla Correctional Institution. The Clerk's Office has done a remarkable job of creating the docket for this case. That is because the complaint is illegible. The Court's Office has, however, determined that Plaintiff is attempting to sue various insurance companies such as Omni Insurance, Gulf Atlantic Insurance, and several others. ECF No. 1.

    The Court notes this is not the first time Plaintiff has attempted to sue those Defendants. He did so previously in case number 4:23cv25-MW-

MJF. That case was opened on January 17, 2023, and closed on February 21 2023, because Plaintiff is a "three striker." Put simply, Plaintiff is barred from proceeding with a civil case in federal court unless he is facing imminent danger of serious injury. 28 U.S.C. § 1915(g). A case against various insurance companies, and also against U.S. Navy Recruiting, will not meet that standard. Plaintiff is not physically located with any of those Defendants and, thus, is not in danger from them.

Notably, Plaintiff has previously litigated cases under the name Gerry Ranson as well as Garry Ranson-Cooper.[1] He previously filed case number 4:21cv369-WS-MAF in this Court as Garry Ranson, but filed case number 4:21cv370-MW-MAF using the name Gerry Laird Ranson-Cooper. Plaintiff's Department of Corrections inmate ID number confirms the cases were filed by the same person. Thus, although Plaintiff has used variations of his name in litigation, judicial notice is taken that Plaintiff has had more than three cases dismissed for the reasons listed in § 1915(g).[2] Case

---

[1] For example, Plaintiff filed several habeas cases in the Middle District of Florida under the name Gerry Ranson - case # 8:08cv02603 and case # 6:09cv005, just to list a few. Yet Plaintiff also filed cases under the name Gerry Ranson-Cooper: case # 6:11cv00818 and case # 8:11cv01156.

[2] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

number 8:98-cv-02210-RAL was filed in the United States District Court for the Middle District of Florida and dismissed on November 2, 1998, because it was "clearly baseless, fantastic, and delusional in character." ECF No. 4 of that case. Case number 3:09cv04-LC-MD was filed in this Court and dismissed on March 30, 2009, as malicious. Case number 8:97-CV-01394-SDM was filed in the Middle District of Florida and dismissed on June 11, 1997, as frivolous. Plaintiff is well aware of those cases because they were identified for him in case number 4:21cv392-MW-MAF, a case ultimately dismissed for failure to prosecute.

In early 2023, Plaintiff filed case number 4:23cv25-MW-MJF against four of the same Defendants listed in this case. That case was dismissed under § 1915(g), and should have made clear to Plaintiff that he cannot proceed if federal court with in forma pauperis status unless he demonstrates that he is under imminent danger of serious physical injury. He does not make that showing in this case. Indeed, the complaint is not legible. Accordingly, Plaintiff's motion for in forma pauperis status, which is insufficient and incomplete, must be denied and this case dismissed.

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is not entitled to belatedly pay the filing fee. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff has not shown he faces imminent danger and, thus, he is not entitled to proceed with in forma pauperis status. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2023.

  S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**